# Vansuch, Matthew G.

| | |
|---|---|
| **From:** | Vansuch, Matthew G. |
| **Sent:** | Friday, April 16, 2021 1:40 PM |
| **To:** | holmanccc@gmail.com |
| **Subject:** | request for admissions from the bankruptcy trustee of Mia Simmons |
| **Attachments:** | cover letter to Holman.pdf; draft requests for admissions.docx |

Mr. Holman, please see the attached. It is important for you to read everything carefully and to follow the deadlines stated in them.

**Matthew G. Vansuch**
**Attorney at Law**



6550 Seville Drive Suite B | Canfield | OH | 44406
tel 330.533.6195 | fax 330.533.6198
web | bio | vCard | mvansuch@brouse.com
Akron | Cleveland | Naples | Toledo | Youngstown

**Experienced in Law. Invested in You.**

DISCLAIMER: This electronic transmission contains confidential information from the law firm of Brouse McDowell, a Legal Professional Association. This information may be covered by the attorney-client privilege or constitute attorney work product. Information contained in this email is intended solely for the person or entity named above. If you are not the intended recipient of this communication, you hereby are notified that any dissemination, distribution, downloading, or copying of the contents is strictly prohibited and you are strictly prohibited from taking any action in reliance on the contents of this email. If you have received this communication in error, please notify us by reply email or contact the Firm's Client Support line at 330.535.5711, Ext. 321, and delete this email and destroy all copies. Thank you for your cooperation.


Matthew G. Vansuch
*Attorney at Law*
330.533.6195
mvansuch@brouse.com

April 16, 2021

Via Regular U.S. Mail and Email
Ronnie Holman
1214 E. 83rd St.
Cleveland, OH 44103
holmanccc@gmail.com

  Re: Request for Admissions in *Zurn v. Holman*, Northern District of Ohio Bankruptcy Court Case No. 21-05005-amk

Dear Mr. Holman:

  I am enclosing Plaintiff's Request for Admissions in the above matter. **Please read this document very carefully.**

  The Trustee is prepared to take this matter to trial, if necessary. But, in considering the position you described at the pretrial, the Trustee is prepared to resolve the entire matter with you at a substantial discount of $7,500 if paid within the next 30 days. If you are interested in amicably resolving this matter, please contact the undersigned to discuss.

               Very truly yours,

               */s/ Matthew Vansuch*

               Matthew G. Vansuch
               Counsel for the Trustee, Julie K. Zurn

[1297626]
Akron | Cleveland | Naples | Toledo | **Youngstown** | www.brouse.com
6550 Seville Dr., Suite B, Canfield, Ohio 44406 | Phone: 330.533.6195

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 20-50569-AMK |
| | ) | |
| MIA SIMMONS, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE ALAN M. KOSCHIK |
| | ) | |
| JULIE K. ZURN, TRUSTEE, | ) | |
| | ) | ADV. NO. 21-5005 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| RONNIE L. HOLMAN | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Pursuant to Rules 7026 and 7036 of the Federal Rules of Civil Procedure, Plaintiffs hereby serve and propound the following First Set of Requests for Admission upon Defendant Ronnie Holman each to be answered separately and in writing in accordance with the foregoing instructions and definitions, and served on the undersigned counsel within thirty days of the date of service hereof. You may return your responses to the undersigned by email or regular mail but no later than May 15, 2021.

### INSTRUCTIONS

1. Any denial of a request for admission must fairly meet the substance of the request. If you deny any of the requests for admission, or any part thereof, you must set forth specifically the matters that are being denied and all grounds and reasons for the denial of each such request for admission.

2. If you cannot truthfully admit or deny any request for admission, or any part

1

thereof, you must set forth in detail all grounds and reasons for your inability to truthfully admit or deny each such request for admission.

3. If you claim that additional information is required to admit or deny any request for admission, you must explain what additional information is required, the steps that you have taken to obtain any such information that is required, and why you are presently unable to obtain any such information that is required.

4. If you make any written objection to a request for admission, or any part thereof, the remainder of the request for admission must be answered.

5. If good faith requires that you deny only part of a request for admission, or otherwise requires you to qualify part of a request for admission, you must admit so much of the request for admission as is true and deny only the remainder.

## DEFINITIONS

1. "You" means Ronnie L. Holman, as well as any representatives or agents acting on behalf of Ronnie L. Holman.

2. "Simmons" means Mia Simmons, the debtor in Northern District of Ohio, Bankruptcy Case No. 20-50569.

3. "Debt Payments" means (a) the $2,492 payment to St. Ignatius on December 5, 2019 from Simmons' Bank of America account ending 1146 and (b) the $2,800 payment to Ken Barnett on October 24, 2019 from Simmons' Chase account.

## REQUESTS FOR ADMISSION

You are asked to admit that:

1. You and Simmons were involved in a long-term romantic relationship that, upon information and belief, began in 2009 and lasted through the beginning of 2020.
*Response*:

2. You and Simmons were not married prior to March 20, 2020.
*Response*:

3. While You were in a relationship with Simmons and until July 20, 2020, You were married to an individual other than Simmons.

*Response*:

4. You have personal knowledge of Simmons' financial affairs.

*Response*:

5. From 2018 through March 2020, Simmons was not paying her debts as they came due.

*Response*:

6. From 2018 through March 2020, Simmons had incurred debts and liabilities that exceed the fair value of her assets.

*Response*:

7. During Your relationship with Simmons, You and Simmons were the owners of a joint bank account at Chase Bank, account ending 5930 (the "Chase Account").

*Response*:

8. From March 2019 through March 2020, Simmons' income was the sole source of all deposits into the Chase Account.

*Response*:

9. From March 2019 through March 2020, Simmons deposited her wages from employment in an amount in excess of $24,000 into the Chase Account.

*Response*:

10. From August 2010 through December 6, 2019, Simmons owned the real property at 22094 Marberry Commons, Bedford Heights, Ohio 44146 (PPN 791-18-027) (the "Property") in her name.

*Response*:

11. At some time between December 2019 and March 2020, Simmons deposited proceeds in an amount not less than $37,220.96 from the Property's sale into the Chase Account.

*Response*:

12. Simmons owned a retirement account.

*Response*:

13. From March 2019 through March 2020, Simmons deposited distributions in an amount not less than $22,883.00 from her retirement accounts into the Chase Account.

*Response*:

14. From February 1, 2019 to March 20, 2020, Simmons had at least three other bank accounts, one at Bank of America ending 1146, one at US Bank ending 6297, and an additional account at Chase ending 7259, all of which were owned solely by Simmons.

*Response*:

15. From February 1, 2019 to March 20, 2020, Simmons' income is the source of the deposits into the Bank of America account ending 1146, the U.S. Bank account ending 6297, and the additional Chase account ending 7259.

*Response*:

16. You had access to the ATM/Debit Card for the Chase Account.

*Response*:

17. You used the ATM/Debit Card for the Chase Account to make purchases for Yourself or for Your benefit.

*Response*:

18. You have an account with, or otherwise use, the "Cash App," a peer-to-peer money transfer service and financial platform offered by Square, Inc. that allows a user (like You) to set up an account to receive money from, or send money to, another user.

*Response*:

19. From February 1, 2019 through March 11, 2020, You received transfers into or through the CashApp and other individual depository accounts in Your name from Simmons' bank accounts, including but not limited to the Chase Account. The total amount of transfers was $12,416.50.

*Response*:

20. The following is an itemization of those transfers from the various accounts, showing the date, the amount of the transfer, and the account from which the transfer was made (which are referred to as the "Cash Transfers" or "Cash Payments":

| Chase 5930 | | | |
|---|---|---|---|
| 2019 | | 2/21 | $45.00 |
| | | 2/25 | $497.00 |
| | | 2/25 | $200.00 |
| | | 2/25 | $15.00 |
| | | 3/4 | $100.00 |
| | | 3/4 | $108.00 |
| | | 4/1 | $109.00 |
| | | 4/1 | $100.00 |
| | | 4/1 | $200.00 |
| | | 4/15 | $40.00 |
| | | 4/15 | $100.00 |
| | | 4/15 | $60.00 |
| | | 4/15 | $100.00 |
| | | 5/13 | $360.00 |
| | | 5/28 | $425.00 |

4

|      | Date  | Amount     |
|------|-------|------------|
|      | 6/24  | $75.00     |
|      | 6/24  | $40.00     |
|      | 7/5   | $40.00     |
|      | 8/5   | $80.00     |
|      | 8/5   | $50.00     |
|      | 8/16  | $100.00    |
|      | 9/30  | $100.00    |
|      | 9/30  | $6.00      |
|      | 10/15 | $340.00    |
|      | 10/15 | $225.00    |
|      | 10/25 | $1,000.00  |
|      | 10/25 | $175.00    |
|      | 10/25 | $100.00    |
|      | 10/28 | $258.00    |
|      | 10/28 | $399.00    |
|      | 11/1  | $250.00    |
|      | 11/14 | $5.00      |
|      | 12/2  | $100.00    |
|      | 12/2  | $40.00     |
|      | 12/2  | $29.00     |
|      | 12/5  | $300.00    |
|      | 12/6  | $400.00    |
|      | 12/9  | $250.00    |
|      | 12/10 | $300.00    |
|      | 12/10 | $200.00    |
|      | 12/16 | $500.00    |
|      | 12/16 | $100.00    |
|      | 12/17 | $100.00    |
|      | 12/19 | $1,300.00  |
|      | 12/23 | $90.00     |
|      | 12/23 | $210.00    |
|      | 12/23 | $50.00     |
|      | 12/23 | $100.00    |
| 2020 | 1/3   | $100.00    |
|      | 1/3   | $360.00    |
|      | 1/6   | $100.00    |
|      | 1/6   | $60.00     |
|      | 1/7   | $150.00    |
|      | 1/8   | $25.00     |
|      | 1/9   | $60.00     |
|      | 1/13  | $40.00     |
|      | 1/17  | $60.00     |
|      | 1/21  | $30.00     |
|      | 1/21  | $80.00     |

**5**

|                      |       |            |
|----------------------|-------|------------|
|                      | 1/24  | $20.00     |
|                      | 1/28  | $100.00    |
|                      | 2/18  | $50.00     |
|                      | 2/18  | $60.00     |
|                      | 2/18  | $150.00    |
|                      | 2/19  | $20.00     |
|                      | 2/21  | $50.00     |
|                      | 2/24  | $60.00     |
|                      | 3/2   | $606.00    |
| Chase 7259           | 9/16  | $2.00      |
|                      | 7/26  | $200.50    |
| US Bank 6297         | 9/16  | $2.00      |
| Bank of America 1146 | 9/12  | $40.00     |
|                      | 9/12  | $220.00    |
|                      | TOTAL | $12,416.50 |

*Response*:

21. You did not receive anything of value in exchange for the purchases You made on the Chase Account.

*Response*:

22. You did not receive anything of value in exchange for the transfers from these accounts.

*Response*:

23. You owed a debt to St. Ignatius in an amount no less than $2,492.

*Response*:

24. Your debt obligation to St. Ignatius was reduced by $2,492 in December 2019.

*Response*:

25. On December 5, 2019, Simmons transferred $2,492 to St. Ignatius from her Bank of America account ending 1146 to pay an obligation owed by You.

*Response*:

26. Simmons did not receive anything of value in exchange for transferring the $2,492 to St. Ignatius.

*Response*:

**6**

27. You owed a debt to an individual named Ken Barrett in an amount no less than $2,800.
*Response*:

28. Your debt obligation to Ken Barrett was reduced by $2,800 in October 2019.
*Response*:

29. On October 24, 2019, Simmons transferred $2,800 to Ken Barnett from her Chase Account to pay an obligation owed by You.
*Response*:

30. Simmons did not receive anything of value in exchange for transferring the $2,800 to Ken Barnett.
*Response*:

31. In September 2019, Simmons entered into an arrangement with Sharron Williams for debt management services for which Simmons paid a total of $20,000 to Sharron Williams from her Chase Account under this agreement (the "Debt Settlement Money").
*Response*:

32. The Debt Settlement Money was paid in three equal payments of $2,000 each from Simmons' Chase Account in late October 2019 by direct transfer from the Chase Account to Sharron Williams and one payment of $14,000 from her Chase Account on December 6, 2019 from a cashier's check drawn on her Chase Account.
*Response*:

33. You owed a debt to Portfolio Recovery in an amount no less than $315.27.
*Response*:

34. In March 2020, Sharron Williams paid $315.27 of the Debt Settlement Money to Portfolio Recovery for credit card debt owed by You.
*Response*:

35. You owed a debt to Cleveland State University in an amount no less than $1,754.16.
*Response*:

36. On June 12, 2020, Sharron Williams paid $1,754,16 of the Debt Settlement Money to Cleveland State University on account of past-due obligations owed by You.
*Response*:

37. On July 17, 2020, Sharron Williams transferred $600 of the Debt Settlement Money to You.
*Response*:

38. You owed various medical debts in an amount no less than $1,252.00.
*Response*:

7

39. In August 2020, Sharron Williams paid $1,252.00 of the Debt Settlement Money to Revenue Group for medical debt owed by You.

*Response*:

40. Sharron Williams charged $850 for her services.

*Response*:

41. Simmons did not receive anything of value in exchange for the payment of Your debts using the Debt Settlement Money.

*Response*:

42. The bankruptcy court did not authorize the transfers in the amount of $4,771.43 after March 20, 2020.

*Response*:

43. You are the sole member of P.U.R.E. Productions LLC, an Ohio for-profit limited liability company (entity #2292201).

*Response*:

44. You treat P.U.R.E. Productions LLC as Your personal alter ego.

*Response*:

45. You are the sole shareholder of P.U.R.E. Productions, and Ohio not-for-profit corporation (entity #2434442).

*Response*:

46. You treat P.U.R.E. Productions as Your personal alter ego.

*Response*:

47. Simmons' property was transferred to You through the deposit of her income, including without limitation, her wages, proceeds from the sale of her real estate, and distributions from her retirement accounts, into the Chase account.

*Response*:

48. Simmons' property was transferred to or for the benefit of You in the form of purchases, Cash Payments, and Debt Payments.

*Response*:

49. Simmons received less than reasonably equivalent value in exchange for the deposits, purchases, Cash Payments, and Debt Payments.

*Response*:

50. Simmons was insolvent at the time the transfers were made or became insolvent as a result of the transfers.

*Response*:

51. You received a copy of the complaint that was filed against You by Julie K. Zurn in the Bankruptcy Court for the Northern District of Ohio, Case No. 21-05005.

*Response*:

52. You participated in the pretrial that was held in this matter with Judge Alan M. Koschik on March 3, 2021.

*Response*:

*/s/ Matthew G. Vansuch*
Matthew G. Vansuch (0079328)
Brouse McDowell LPA
6550 Seville Dr., Ste. B
Canfield, OH 44406
Tel. (330) 533-6195
Fax (330) 533-6198
mvansuch@brouse.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2020 a copy of the foregoing was served by electronic mail and regular U.S. mail upon Ronnie L. Holman, 1214 E. 83d St., Cleveland, OH 44103, holmanccc@gmail.com.

*/s/ Matthew G. Vansuch*
Matthew G. Vansuch (0079328)
Brouse McDowell LPA

[1297611]

9