# Vansuch, Matthew G.

| | |
|---|---|
| **From:** | Vansuch, Matthew G. |
| **Sent:** | Tuesday, May 25, 2021 2:00 PM |
| **To:** | holmanccc@gmail.com |
| **Cc:** | Zurn, Julie Kaplan |
| **Subject:** | joint stipulations(1306350 v1).docx |
| **Attachments:** | joint stipulations(1306350 v1).docx |

Good afternoon, Mr. Holman. I did not receive any response from you to the requests for admissions. Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, those statements are deemed admitted. You will recall from the judge's order on March 3, we need to file joint stipulations of fact and legal conclusions this Friday, May 28. Based on the admissions, I am proposing the attached filing. If I do not hear from you by 4 pm on Friday, I will file the same and note that (a) the requests for admissions were deemed admitted and (b) I did not receive a response from you.

Please remember that there is a telephonic pretrial with the judge on June 2 at 1:30 pm.

**Matthew G. Vansuch**
**Attorney at Law**



6550 Seville Drive Suite B | Canfield | OH | 44406
tel 330.533.6195 | fax 330.533.6198
web | bio | vCard | mvansuch@brouse.com
Akron | Cleveland | Naples | Toledo | Youngstown

**Experienced in Law. Invested in You.**

DISCLAIMER: This electronic transmission contains confidential information from the law firm of Brouse McDowell, a Legal Professional Association. This information may be covered by the attorney-client privilege or constitute attorney work product. Information contained in this email is intended solely for the person or entity named above. If you are not the intended recipient of this communication, you hereby are notified that any dissemination, distribution, downloading, or copying of the contents is strictly prohibited and you are strictly prohibited from taking any action in reliance on the contents of this email. If you have received this communication in error, please notify us by reply email or contact the Firm's Client Support line at 330.535.5711, Ext. 321, and delete this email and destroy all copies. Thank you for your cooperation.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | CASE NO. 20-50569-AMK |
| | ) | |
| MIA SIMMONS, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE ALAN M. KOSCHIK |
| | ) | |
| JULIE K. ZURN, TRUSTEE, | ) | |
| | ) | ADV. NO. 21-5005 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| RONNIE L. HOLMAN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT STIPULATIONS

Pursuant to this Court's Discovery Scheduling Order (Doc. 8), the parties jointly submit the following stipulations:

1. Ronnie L. Holman and Mia Simmons were involved in a long-term romantic relationship that began in 2009 and lasted through the beginning of 2020.
2. Ronnie L. Holman and Mia Simmons were not married prior to March 20, 2020.
3. While Ronnie L. Holman was in a relationship with Mia Simmons and until July 20, 2020, Ronnie L. Holman was married to an individual other than Mia Simmons.
4. Ronnie L. Holman has personal knowledge of Mia Simmons' financial affairs.
5. From 2018 through March 2020, Mia Simmons was not paying her debts as they came due.
6. From 2018 through March 2020, Mia Simmons had incurred debts and liabilities that exceed the fair value of her assets.
7. During Ronnie L. Holman's relationship with Mia Simmons, Ronnie L. Holman and Mia Simmons were the owners of a joint bank account at Chase Bank, account ending 5930 (the "Chase Account").
8. From March 2019 through March 2020, Mia Simmons' income was the sole source of all deposits into the Chase Account.
9. From March 2019 through March 2020, Mia Simmons deposited her wages from employment in an amount in excess of $24,000 into the Chase Account.

10. From August 2010 through December 6, 2019, Mia Simmons owned the real property at 22094 Marberry Commons, Bedford Heights, Ohio 44146 (PPN 791-18-027) (the "Property") in her name.
11. At some time between December 2019 and March 2020, Mia Simmons deposited proceeds in an amount not less than $37,220.96 from the Property's sale into the Chase Account.
12. Mia Simmons owned a retirement account.
13. From March 2019 through March 2020, Mia Simmons deposited distributions in an amount not less than $22,883.00 from her retirement accounts into the Chase Account.
14. From February 1, 2019 to March 20, 2020, Mia Simmons had at least three other bank accounts, one at Bank of America ending 1146, one at US Bank ending 6297, and an additional account at Chase ending 7259, all of which were owned solely by Mia Simmons.
15. From February 1, 2019 to March 20, 2020, Mia Simmons' income is the source of the deposits into the Bank of America account ending 1146, the U.S. Bank account ending 6297, and the additional Chase account ending 7259.
16. Ronnie L. Holman had access to the ATM/Debit Card for the Chase Account.
17. Ronnie L. Holman used the ATM/Debit Card for the Chase Account to make purchases for Ronnie L. Holman or for Ronnie L. Holman's benefit.
18. Ronnie L. Holman has an account with, or otherwise used or uses, the "Cash App," a peer-to-peer money transfer service and financial platform offered by Square, Inc. that allows a user (like Ronnie L. Holman) to set up an account to receive money from, or send money to, another user.
19. From February 1, 2019 through March 11, 2020, Ronnie L. Holman received transfers into or through the CashApp and other individual depository accounts in Ronnie L. Holman's name from Mia Simmons' bank accounts, including but not limited to the Chase Account. The total amount of transfers was $12,416.50.
20. The following is an itemization of those transfers from the various accounts, showing the date, the amount of the transfer, and the account from which the transfer was made (which are referred to as the "Cash Transfers" or "Cash Payments":

| Chase 5930 | | |
|---|---|---|
| 2019 | 2/21 | $45.00 |
| | 2/25 | $497.00 |
| | 2/25 | $200.00 |
| | 2/25 | $15.00 |
| | 3/4 | $100.00 |
| | 3/4 | $108.00 |
| | 4/1 | $109.00 |
| | 4/1 | $100.00 |
| | 4/1 | $200.00 |
| | 4/15 | $40.00 |
| | 4/15 | $100.00 |
| | 4/15 | $60.00 |
| | 4/15 | $100.00 |
| | 5/13 | $360.00 |

2

|      | Date  | Amount     |
|------|-------|------------|
|      | 5/28  | $425.00    |
|      | 6/24  | $75.00     |
|      | 6/24  | $40.00     |
|      | 7/5   | $40.00     |
|      | 8/5   | $80.00     |
|      | 8/5   | $50.00     |
|      | 8/16  | $100.00    |
|      | 9/30  | $100.00    |
|      | 9/30  | $6.00      |
|      | 10/15 | $340.00    |
|      | 10/15 | $225.00    |
|      | 10/25 | $1,000.00  |
|      | 10/25 | $175.00    |
|      | 10/25 | $100.00    |
|      | 10/28 | $258.00    |
|      | 10/28 | $399.00    |
|      | 11/1  | $250.00    |
|      | 11/14 | $5.00      |
|      | 12/2  | $100.00    |
|      | 12/2  | $40.00     |
|      | 12/2  | $29.00     |
|      | 12/5  | $300.00    |
|      | 12/6  | $400.00    |
|      | 12/9  | $250.00    |
|      | 12/10 | $300.00    |
|      | 12/10 | $200.00    |
|      | 12/16 | $500.00    |
|      | 12/16 | $100.00    |
|      | 12/17 | $100.00    |
|      | 12/19 | $1,300.00  |
|      | 12/23 | $90.00     |
|      | 12/23 | $210.00    |
|      | 12/23 | $50.00     |
|      | 12/23 | $100.00    |
| 2020 | 1/3   | $100.00    |
|      | 1/3   | $360.00    |
|      | 1/6   | $100.00    |
|      | 1/6   | $60.00     |
|      | 1/7   | $150.00    |
|      | 1/8   | $25.00     |
|      | 1/9   | $60.00     |
|      | 1/13  | $40.00     |
|      | 1/17  | $60.00     |
|      | 1/21  | $30.00     |

**3**

|              |       |           |
|--------------|-------|-----------|
|              | 1/21  | $80.00    |
|              | 1/24  | $20.00    |
|              | 1/28  | $100.00   |
|              | 2/18  | $50.00    |
|              | 2/18  | $60.00    |
|              | 2/18  | $150.00   |
|              | 2/19  | $20.00    |
|              | 2/21  | $50.00    |
|              | 2/24  | $60.00    |
|              | 3/2   | $606.00   |
| Chase 7259   | 9/16  | $2.00     |
|              | 7/26  | $200.50   |
| US Bank 6297 | 9/16  | $2.00     |
| Bank of America 1146 | 9/12 | $40.00 |
|              | 9/12  | $220.00   |
|              | TOTAL | $12,416.50 |

21. Ronnie L. Holman did not receive anything of value in exchange for the purchases Ronnie L. Holman made on the Chase Account.
22. Ronnie L. Holman did not receive anything of value in exchange for the transfers from these accounts.
23. Ronnie L. Holman owed a debt to St. Ignatius in an amount no less than $2,492.
24. Ronnie L. Holman's debt obligation to St. Ignatius was reduced by $2,492 in December 2019.
25. On December 5, 2019, Mia Simmons transferred $2,492 to St. Ignatius from her Bank of America account ending 1146 to pay an obligation owed by Ronnie L. Holman.
26. Simmons did not receive anything of value in exchange for transferring the $2,492 to St. Ignatius.
27. Ronnie L. Holman owed a debt to an individual named Ken Barrett in an amount no less than $2,800.
28. Ronnie L. Holman's debt obligation to Ken Barrett was reduced by $2,800 in October 2019.
29. On October 24, 2019, Mia Simmons transferred $2,800 to Ken Barnett from her Chase Account to pay an obligation owed by Ronnie L. Holman.
30. Mia Simmons did not receive anything of value in exchange for transferring the $2,800 to Ken Barnett.
31. In September 2019, Mia Simmons entered into an arrangement with Sharron Williams for debt management services for which Mia Simmons paid a total of $20,000 to Sharron Williams from her Chase Account under this agreement (the "Debt Settlement Money").

32. The Debt Settlement Money was paid in three equal payments of $2,000 each from Mia Simmons' Chase Account in late October 2019 by direct transfer from the Chase Account to Sharron Williams and one payment of $14,000 from her Chase Account on December 6, 2019 from a cashier's check drawn on her Chase Account.
33. Ronnie L. Holman owed a debt to Portfolio Recovery in an amount no less than $315.27.
34. In March 2020, Sharron Williams paid $315.27 of the Debt Settlement Money to Portfolio Recovery for credit card debt owed by Ronnie L. Holman.
35. Ronnie L. Holman owed a debt to Cleveland State University in an amount no less than $1,754.16.
36. On June 12, 2020, Sharron Williams paid $1,754,16 of the Debt Settlement Money to Cleveland State University on account of past-due obligations owed by Ronnie L. Holman.
37. On July 17, 2020, Sharron Williams transferred $600 of the Debt Settlement Money to Ronnie L. Holman.
38. Ronnie L. Holman owed various medical debts in an amount no less than $1,252.00.
39. In August 2020, Sharron Williams paid $1,252.00 of the Debt Settlement Money to Revenue Group for medical debt owed by Ronnie L. Holman.
40. Sharron Williams charged $850 for her services.
41. Mia Simmons did not receive anything of value in exchange for the payment of Ronnie L. Holman's debts using the Debt Settlement Money.
42. The bankruptcy court did not authorize the transfers in the amount of $4,771.43 after March 20, 2020.
43. Ronnie L. Holman is the sole member of P.U.R.E. Productions LLC, an Ohio for-profit limited liability company (entity #2292201).
44. Ronnie L. Holman treats P.U.R.E. Productions LLC as Ronnie L. Holman's personal alter ego.
45. Ronnie L. Holman is the sole shareholder of P.U.R.E. Productions, an Ohio not-for-profit corporation (entity #2434442).
46. Ronnie L. Holman treats P.U.R.E. Productions as Ronnie L. Holman's personal alter ego.
47. Mia Simmons' property was transferred to Ronnie L. Holman through the deposit of her income, including without limitation, her wages, proceeds from the sale of her real estate, and distributions from her retirement accounts, into the Chase account.
48. Mia Simmons' property was transferred to or for the benefit of Ronnie L. Holman in the form of purchases, Cash Payments, and Debt Payments, the latter of which is a defined term that encompasses (a) the $2,492 payment to St. Ignatius on December 5, 2019 from Simmons' Bank of America account ending 1146 and (b) the $2,800 payment to Ken Barnett on October 24, 2019 from Mia Simmons' Chase account.
49. Mia Simmons received less than reasonably equivalent value in exchange for the deposits, purchases, Cash Payments, and Debt Payments.
50. Mia Simmons was insolvent at the time the transfers were made or became insolvent as a result of the transfers.
51. Ronnie L. Holman received a copy of the complaint that was filed against Ronnie L. Holman by Julie K. Zurn in the Bankruptcy Court for the Northern District of Ohio, Case No. 21-05005.
52. Ronnie L. Holman participated in the pretrial that was held in this matter with Judge Alan M. Koschik on March 3, 2021.

53. The purchases, Cash Payments, and Debt Payments constitute avoidable fraudulent transfers pursuant to section 544(b) of the Bankruptcy Code and Ohio Revised Code 1336.01, et seq.
54. As to the first (11 U.S.C. § 548(a)(1)(B)) and second (11 U.S.C. § 544(b) and Ohio Revised Code § 1336.01, et seq.) claims for relief, the Trustee is entitled to judgment against Ronnie L. Holman avoiding the deposits, purchases, the Cash Payments and the Debt Payments in the amount of $17,708.50.
55. On March 11, 2020, Sharron Williams was obligated to turn over the Debt Settlement Money to the Trustee pursuant to section 542 of the Bankruptcy Code.
56. The transfers of the Debt Settlement Money in the total amount of $4,771.43 after March 11, 2020 were done without authority of this Court or the Bankruptcy Code.
57. The bankruptcy estate was damaged in the amount of $4,771.43 because of the post-petition transfer of property of the estate.
58. As to the third claim (11 U.S.C. § 549), the Trustee is entitled to judgment in the amount of $4,771.43.
59. As to the fourth claim (11 U.S.C. § 550), the Trustee is entitled to recover from Ronnie L. Holman the deposits into the Chase Account, the purchases, the Cash Payments, the Debt Payments, and the transfers of the Debt Settlement Money or the value of those transfers, in the amount of $22,479.93 plus interest thereon to the date of payment and costs of the action.
60. The following documents are authentic and admissible at trial without objection:
    a. October 28, 2020 correspondence from Resolve It Inc. titled "Accounts Payments Reversed and Released to Bankruptcy Trustee"
    b. Bank statements for and records from the Chase Account
    c. Bank statements for and records from US Bank
    d. Bank statements for and records from Bank of America
    e. August 4, 2020 receipt from Revenue Group to Ronnie L. Holman for $138 payment
    f. August 7, 2020 receipt from Revenue Group to Ronnie L. Holman for $158 payment
    g. Ohio Residential Lease Agreement between Kabset LLC and Ronnie L. Holman and Mia Simmons dated January 18, 2020
    h. Offer to Purchase Real Estate made by Mia Simmons and Ronnie L. Holman dated for 8805 Chinaberry Circle N dated September 1, 2019

*/s/ Matthew G. Vansuch*
Matthew G. Vansuch (0079328)
Brouse McDowell LPA
6550 Seville Dr., Ste. B
Canfield, OH 44406
Tel. (330) 533-6195
Fax (330) 533-6198
mvansuch@brouse.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

  I hereby certify that on May 28, 2021 a copy of the foregoing was electronically filed with the Court's CM/ECF system and served by electronic mail and regular U.S. mail upon Ronnie L. Holman, 1214 E. 83d St., Cleveland, OH 44103, holmanccc@gmail.com.

               */s/ Matthew G. Vansuch*
               Matthew G. Vansuch (0079328)
               Brouse McDowell LPA

[1306350.1]